**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.**

ZEPHANEAH RENTON,

    Plaintiff,

    v.

HONGWEI954 INC. d/b/a CRAFTY CRAB

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ZEPHANEAH RENTON ("Plaintiff") pursuant to 29 U.S.C. § 216(b), and Article X, Section 24 of the Florida Constitution, files the following Complaint for Damages and Demand for Jury Trial against Defendant, HONGWEI954 INC. d/b/a CRAFTY CRAB ("HONGWEI954" or "Corporate Defendant"), and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA"). Defendant committed state and federal minimum wage violations because it compensated Plaintiff, a restaurant bartender, at a reduced wage and attempted to take a "tip credit" under the FLSA and FMWA notwithstanding that the Plaintiff was required to spend more than 20% of one or more of her shifts performing non-tipped duties and responsibilities. As a result, Plaintiff has been denied applicable wages in one or more workweeks during the relevant time period.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. Plaintiff worked for the Defendant as a restaurant bartender from approximately December 2021 until on or about February 19, 2022.

4. During all times material hereto, the Defendant, HONGWEI 954 d/b/a CRAFTY CRAB, was a Florida for-profit corporation operating and transacting business within Broward County, Florida, and within the jurisdiction of this Honorable Court.

5. Defendant owns, operates, and controls the Crafty Crab restaurant located at 4402 North University Drive, Lauderhill, FL 33351.

6. Defendant was Plaintiff's "employer," as defined by the FLSA and FMWA, during all time pertinent to the allegations herein.

7. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Crafty Crab restaurant at 4402 N. University Dr., Lauderhill, FL 33351.

**JURISDICTION AND VENUE**

8. This action is brought under 29 U.S.C. § 216(b), the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendant, injunctive relief, and reasonable attorney's fees and costs.

9. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10. The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

11. The Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper.

12. Venue is also proper within Broward County, Florida.

13. Plaintiff fulfilled all conditions precedent required to bring her claims under the FMWA.

14. More specifically, on April 15, 2022, through her counsel, Plaintiff served the Defendant with a written pre-suit demand and notice regarding her FMWA claims, requesting that the Defendant pay her the minimum wages owed to her.

15. Defendant refused to pay Plaintiff proper wages within the statutory notice period and this instant lawsuit followed.

## FLSA COVERAGE

16. Defendant, HONGWEI954 INC. d/b/a CRAFTY CRAB is an enterprise covered by the FLSA and FMWA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendants had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. During all time periods pertinent hereto, two (2) or more employees of Defendant HONGWEI954, regularly handled goods such as food, beverages, napkins, silverware, appliances, meat, cheese, oil, peppers, skewers, crab, squid, lobster, crawfish, shrimp, mussels, clams, chicken, potatoes, onions, corn, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

18. Upon information and belief, Defendant HONGWEI954 had an annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

## GENERAL ALLEGATIONS

19. During all times material hereto, the Defendant HONGWEI954 was the owner and operator of Crafty Crab seafood restaurant.

20. In order to provide service at Crafty Crab, the Defendant hires and employs individuals in various capacities, including but not limited to, bartenders, servers, supervisors, and kitchen staff.

21. In December 2021, Defendant hired Plaintiff to work as a bartender at Crafty Crab.

22. Plaintiff continued to work for the Defendant until February 19, 2022.

23. Plaintiff was hired to provide bartending services to Crafty Crab's customers, which is "tipped work" that Defendant compensated at an hourly reduced wage.

24. The required reduce wage that must be paid by employers attempting to take a tip credit in Florida is no less than $6.98 per hour from September 30, 2021, to September 30, 2022.

25. Accordingly, during Plaintiff's employment period, the applicable reduced wage for employers to take a tip credit wage was $6.98 per hour.

26. During the Plaintiff's employment period, the company compensated the Plaintiff at a rate of $7.00 per hour, which is two cents ($0.02) above the applicable tip credit wage ($6.98) but less than the full Florida minimum wage of $10.00 per hour.

27. The Plaintiff received the reduced wage of $7.00 for every hour worked in December of 2021 through February 19, 2022.

28. Defendant therefore claimed a tip credit in the amount of $3.00 per hour for all of Plaintiff's work.

29. Plaintiff has not received any direct compensation from the Defendant for the work that she performed for benefit of the Defendant with exception to the hourly tipped wage of $7.00.

30. Plaintiff attempted to resolve this matter with Defendant through her counsel prior to filing suit, including but not limited to mailing a written notice and request to the Defendant pursuant to the FMWA.

**DEFENDANT REQUIRES PLAINTIFF TO SPEND MORE THAN 20% OF ONE OR MORE SHIFTS IN ONE OR MORE WORKWEEKS ON NON-TIPPED DUTIES**

31. Federal law prohibits employers from taking a tip credit when an employee performs non-tip generating duties for more than 20% of their shift. *See* Rafferty v. Denny's Inc., 13 F4th 1166, 1188 (11th Cir. 2021).

32. In other words, when restaurant servers spend more than 20% of any respective shift performing non-tip generating duties, they must be paid the full minimum wage, as opposed to the reduced minimum wage. *Id.*

33. The non-tip-generating, or "incidental" duties and tasks that the Plaintiff was required to perform consisted of folding bibs, stocking the bar liquor, restocking glasses, restocking juice cans, washing crab crackers, refilling ice, taking out the bar trash, cleaning the floors, breaking down boxes, cleaning beverage stations, cashing out with management, picking up garbage in and around the restaurant, and other incidental duties, tasks, and activities assigned and required to open the restaurant and close and/or transfer Plaintiff's assigned section of the restaurant.

34. During Plaintiff's employment period with the Defendant, Plaintiff was typically scheduled to work double shifts.

35. A double shift was typically scheduled from 2:00 p.m. to 12:00 a.m., consisting of ten (10) or more hours of work.

36. At a minimum, the Plaintiff was required by the Defendant to spend three (3) hours out of one or more of her double shifts (10 hours) performing incidental duties and tasks, instead of bartending or in other words, performing tipped work.

37. Therefore, the total amount of time that the Plaintiff spent performing incidental duties and tasks during one or more shifts constituted of a minimum of 30% of the total time worked on her entire shift.

38. During Plaintiff's employment period, Crafty Crab advertised itself to the public as opening at 3:00 p.m. each day, except Friday through Sunday, when it opens at 12:00 p.m.

39. During Plaintiff's employment period, no customers arrived at the restaurant before 3:00 p.m. from Monday to Thursday.

40. Accordingly, the work that Plaintiff was required to perform from 2:00 p.m. to 3:00 p.m. cannot constitute tipped work because no customers arrived at the restaurant before 3:00 p.m. from Monday through Thursday, resulting in Plaintiff performing at least one (1) full hour of non-tipped work.

41. During the Plaintiff's employment period, from Monday through Thursday, Crafty Crab would have very few customers from 3:00 p.m. until 5:00 p.m. or 6:00 p.m. in the evening.

42. When there were very few customers in the restaurant, as described in Paragraph 41 above, Plaintiff was required to perform incidental duties until more customers arrived (around 5:00 p.m. and 6:00 p.m.) resulting in at least one (1) full hour of non-tipped work and oftentimes two (2) hours of non-tipped work.

43. From 6:00 p.m. until roughly 11:15 p.m., the Plaintiff was required to wait on customers, take beverage orders, and perform other tasks that are typically considered "tipped" activities and duties in a restaurant.

44. Before completing a shift, Plaintiff was required to perform the same non-tipped duties and responsibilities referenced in Paragraph 33 above, resulting in at least forty-five (45) of non-tipped work.

45. During a double shift, after roughly 11:15 p.m., the Plaintiff would stop bartending, and therefore did not perform any tipped work, only the aforementioned incidental duties, resulting in approximately forty-five (45) minutes during which the Plaintiff again performed non-tipped work during her shift.

46. During the Plaintiff's employment period, a double shift, totaling ten (10) hours consisted of no more than approximately six (6) hours of bartending, or in other words, tipped work.

47. At a minimum, when combining the amount of time that the Plaintiff was required to perform pre-shift and post-shift duties with the amount of time that the Plaintiff was required to perform incidental duties during her shifts, Plaintiff spent approximately, at minimum, 30% of one or more of her shifts performing non-tip duties but was nevertheless paid a reduced wage for tipped employees.

48. Defendants did not maintain accurate time and pay records during the previous five (5) years, including the Plaintiff's employment period.

49. As a result, Plaintiff is entitled to recover the applicable tip credit for the time that she spent performing "non-tipped" incidental duties during each lunch shift, as opposed to the reduced wage she received when performing these non-tipped duties and side work.

50. Plaintiff is entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" incidental work during lunch shifts in which the "non-tipped" work exceeded 20% of the total time worked during that shift.

51. Similarly, Plaintiff is entitled to recover at least the Florida minimum wage for each hour spent performing "non-tipped" incidental work during lunch shifts in which the "non-tipped" work exceeded 20% of the total time worked during that shift.

## COUNT I – FLORIDA MINIMUM WAGE VIOLATIONS
### (80/20 VIOLATIONS)

52. Plaintiff hereby re-avers Paragraphs 1 through 51 as though set forth fully herein.

53. The Florida Minimum Wage Act ("FMWA") expressly incorporates the tip requirements of the FLSA.

54. Plaintiff was entitled to be paid Florida's full minimum wage during her employment with Defendant.

55. Plaintiff was subject to violations of Florida law as a result of the Defendant's failure to pay her the full state minimum wage when she was required to spend more than 20% of their lunch shifts performing incidental duties, or non-tipped duties and side work.

56. Plaintiff seeks recovery of the full *Florida minimum wage* for Defendants' failure to pay constitutionally mandated state minimum wages.

57. During all material times hereto, Plaintiff was a non-exempt employee of Defendant.

58. The bartender's work for Defendant are an integral part of Defendant's business.

59. Defendant violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff at least Florida's minimum wage for all hours worked.

60. Beginning on September 30, 2021, the Florida minimum wage increased to $10.00 per hour.

61. The Plaintiff suffered from the Defendant's pay practices of not being properly paid at least the applicable Florida's minimum wage for each hour worked.

62. Plaintiff has complied with the pre-suit notice requirement, and all other conditions precedent to this action have been performed, or waived, by sending Corporate Defendant a Florida Minimum Wage Demand Letter before this claim was filed.

63. More than fifteen (15) calendar days have passed since the Defendant received the Florida Minimum Wage Demand Letter and no payment has been tendered by the Defendant to compensate Plaintiff for the minimum wages owed.

64. The Plaintiff seeks the following relief: (a) Payment by the Defendant of actual damages caused by its failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (b) Payment by the Defendant of liquidated damages caused by its failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution as a result of Defendant's intentional and/or willful violations; (c) Payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

65. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of Florida minimum wages for one or more weeks of work during her employment with the Defendant.

66. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HONGWEI954 INC. d/b/a

CRAFTY CRAB, and award Plaintiff: (a) unliquidated Florida minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FMWA and Fla. Stat. 448.08; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT II - FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 VIOLATIONS)

67. Plaintiff hereby re-avers Paragraphs 1 through 51 as though set forth fully herein.

68. Plaintiff was entitled to be paid full federal minimum wage for certain hours worked during her employment with the Defendant.

69. Plaintiff was subjected to similar violations of federal law as a result of the Defendant's failure to pay her the full minimum wage when she was required to spend more than 20% of her shifts performing incidental duties, or non-tipped duties and side work.

70. Plaintiff seeks recovery of these federal minimum wages under 29 U.S.C. § 216(b).

71. The Defendant willfully failed to pay the Plaintiff and the full federal minimum wage for one or more weeks of work.

72. As a direct and proximate result of the Defendant's deliberate underpayment of wages, the Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with the Defendant.

73. The Defendant's willful and/or intentional violations of entitle Plaintiff to an additional amount of liquidated, or double, damages.

74. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HONGWEI954 INC. d/b/a

CRAFTY CRAB, and award Plaintiff: (a) unliquidated Federal minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ZEPHANEAH RENTON, requests and demands a trial by jury on all appropriate claims.

Date: May 24, 2022

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
DAVID M. NUDEL, ESQUIRE
Florida Bar No. 1003678
*Jordan@jordanrichardspllc.com*
*david@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 24, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST