# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (this "Settlement Agreement") is entered into by and among HONGWEI954 INC. d/b/a CRAFTY CRAB, including its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, attorneys, insurers and agents (hereinafter referred to as "Defendant"), and ZEPHANEAH RENTON, including her heirs, representatives, agents, insurers, successors, and assigns (hereinafter referred to as "Renton" or "Plaintiff"), (hereinafter Defendant and Plaintiff collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendant, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- The Florida Civil Rights Act, Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;

Each party understands that this means that the parties releasing each other, and may not bring claims against each other under, *inter alia*,

- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;

1 of 7



___ Zephaneah Renton

___ Hongwei954 Inc.

- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties;
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties; and
- all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the other, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendant, or which arise out of or are in any way connected with any loss, damage, or injury, whatsoever to Defendant resulting from any act or omission by or on the part of Plaintiff committed prior to the date of this Agreement.

In consideration for the mutual promises exchanged herein, Plaintiff and Defendant release and forever discharge each other from any and all claims of any kind which Plaintiff and Defendant had, now have, or hereinafter can, shall or may have against the other party, whether known or unknown to them, by reason of any acts, omissions, events, matters, causes, facts or things occurring or existing prior to the date this Agreement is fully executed and unconditionally delivered by the Parties.

This Agreement shall affect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendant in the lawsuit styled *Zephaneah Renton v. Hongwei954, Inc. d/b/a Crafty Crab.*, Case No.: 22-cv-60986-RNS pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

Notwithstanding anything to the contrary in this Agreement, Plaintiff is not waiving any legally non-waivable right that she may have, including any right she may have to make a claim for unemployment and worker's compensation.

Nothing in this Agreement shall be deemed to waive or release any rights the Plaintiff may have at law or in equity to the full performance by the Defendant of all of its obligations under this Agreement.

Nothing in the Agreement shall be deemed to waive or release any rights the Defendant may have at law or in equity to the full performance by the Plaintiff of all of her obligations under this Agreement.

2. **Settlement Amount and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendant, shall pay the total sum of Three Thousand Six Hundred

2 of 7

____ Zephaneah Renton

____ Hongwei954 Inc.

Dollars and 00/100 Cents ($3,600.00) (the "Settlement Funds"), with payment delivered to Renton's counsel - USA Employment Lawyers – Jordan Richards PLLC, 1800 S.E. 10th Ave, Suite 205, Fort Lauderdale, FL 33316.

Payment will be broken down as follows:

a. One (1) check in the amount of Seven Hundred Twenty Dollars and 00/100 Cents ($720.00) less applicable withholding payable to Zephaneah Renton to represent unpaid wages, which shall be delivered to Renton's counsel no later than July 14, 2022.

b. One (1) check in the amount of Seven Hundred Twenty Dollars and 00/100 Cents ($720.00) payable to Zephaneah Renton to represent liquidated damages, which shall be delivered to Renton's counsel no later than July 14, 2022.

c. One (1) check in the amount of Two Thousand One Hundred Sixty Dollars and 00/100 Cents ($2,160.00) made payable to Jordan Richards PLLC for attorney's fees and costs, which shall be delivered to Renton's counsel no later than July 14, 2022.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall jointly move the Court through Plaintiff filing a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice and jointly ask the Court to approve the terms of this Agreement, dismiss the Litigation with prejudice, to retain jurisdiction to enforce the terms of this Agreement, and for each side bear its own fees and costs except as set forth herein, no later than July 8, 2022.

**Payment Default**. Should Defendant, fail to make any payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Fiorella Del Augila, Esq., at fiorella@miamidadelaw.net.

Plaintiff shall notify Defendant through their counsel of any breach of this agreement. Defendant shall three (3) business days to analyze and cure such breach, provided the proper written notice is given.

In the event that Defendant, fail to cure said breach within three (3) business days of receiving the written notification via e-mail, then a final default judgment shall be entered against Defendant, for any due and owing Settlement Funds **plus** the liquidated sum of one thousand dollars and zero 00/100 Cents ($1,000.00).

The Parties agree and stipulate that this "Payment Default" provision is **not** a penalty provision of any sort but is rather included to insure full and timely payment of the Settlement Funds. The Parties further stipulate and agree that this "Payment Default" provision is a material part of this Settlement Agreement and was bargained for as valuable consideration in order for the Parties to have reached a settlement of the Litigation. It is agreed and stipulated by the Parties that the amounts included in this "Payment Default" provision are the best forecast that can be used for the damages that the Plaintiff will suffer should the Defendant, jointly and severally, fail to make

3 of 7



___ Zephaneah Renton

___ Hongwei954 Inc.

timely and complete payment of the Settlement Funds because the precise measure of what said damages would amount to in the event of default/breach are inascertainable at the time this Settlement Agreement has been executed by both Parties. If breach/default occurs, Plaintiff's counsel shall be entitled to attorney's fees and costs incurred related to the same and for collection.

3. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendant, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendant by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages and/or other compensation, including, without limitation, Plaintiff, the IRS, or any other person, except as to any tax withholdings that Defendant could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendant, if any.

4. **Attorneys Not Tax Experts.** The Parties acknowledge that the attorneys involved in this Settlement Agreement or the Litigation do not claim to be an expert in tax matters. The Parties further acknowledge and agree that they have neither received nor relied on any tax advice or information from any attorney involved in negotiating this Settlement Agreement or the Litigation or in negotiating of this Settlement Agreement.

5. **Non-Admission Clause.** By entering into this Agreement, Defendant do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

6. **Mutual Non-Disparaging Remarks**. The Parties agree that they will not disparage, defame, or otherwise say anything negative about each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

7. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendant shall only provide the dates of employment, position held, and rates of pay of Plaintiff while working for Defendant.

8. **No Rehire/No Reinstatement**. In consideration for the promises made by the Defendant under this Agreement, Plaintiff acknowledges and agrees that she will not apply for, seek, or accept employment or reinstatement of employment with the Defendant or its affiliates or related entities, and Plaintiff agrees that the Defendant, its affiliates, and related entities have no obligation to consider Plaintiff for employment or reinstatement of employment.

4 of 7



_____ Zephaneah Renton

_____ Hongwei954 Inc.

9. **Mutual Representation by the Parties.** The Parties represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and hereby the Parties certify that they have not filed any claim (except the Litigation released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Agreement, related to their employment, and/or involving Plaintiff's employment, other than claims to enforce this Agreement.

10. **Mutual Confidentiality**. By receipt of the Settlement Amount set forth above, the Parties expressly agree that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any other persons, including but not limited to present or former employees or persons working for any of the Defendant, with the exception of the following: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) the Parties' respective counsel; (4) the Parties respective Accountant(s); (5) for reporting to Taxing authorities; (6) the Parties' respective spouse(s); (7) or when otherwise required by law.

Should the Court strike the "Confidentiality" provision *sua sponte* for public policy reasons or any other reason, the Agreement is still binding and only the offending section shall be stricken.

This "Confidentiality" provision does not prohibit the Settlement Agreement from being attached as an Exhibit and filed along with the Joint Motion for Approval on CM/ECF and, in fact, the Parties have agreed that the Settlement Agreement shall be filed an Exhibit on CM/ECF along with the Joint Motion for Approval.

11. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

12. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Broward County, Florida.

13. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

14. **Entire Agreement**. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements

5 of 7

_____ Zephaneah Renton

_CWC_ _____ Hongwei954 Inc.

made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

15. **Enforcement**. In the event any action is commenced to enforce said settlement agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to reasonable fees and costs.

16. **Voluntariness**. The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence. The Parties each acknowledge that he/it are entering into this Agreement freely and voluntarily and with complete understanding of all the rights he/it is waiving in this Agreement and of the irrevocable nature of same. Plaintiff and Defendant acknowledge that they have consulted with counsel of their own choosing before executing this Settlement Agreement.

17. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

18. **Construction**. Plaintiff and Defendant have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

19. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

20. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

21. **Translation:** By signing this Agreement, Plaintiff and Defendant certify that this Agreement has been translated for them, if necessary, and that they fully understand the terms of this Agreement.

### SIGNATURE PAGE TO FOLLOW ON NEXT PAGE

6 of 7



\_\_\_ Zephaneah Renton

\_\_\_ Hongwei954 Inc.

ZEPHANEAH RENTON

By: *Zephaneah Renton (Jul 6, 2022 18:12 EDT)*
ZEPHANEAH RENTON

Date: Jul 6, 2022

HONGWEI954, INC.

By: *chang wei chen (Jul 8, 2022 15:08 EDT)*
Name:
Title:
Date:

7 of 7

___ Zephaneah Renton

CWC ___ Hongwei954 Inc.